# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EAST LAKE PARTNERS, LTD,**

      **Plaintiff,**

**v.**                                           **Case No:   6:18-cv-1187-Orl-37KRS**

**ANDREW AQUINO and ALEXIS SANCHEZ,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 3)
>
> **FILED:** July 24, 2018

## I. PROCEDURAL HISTORY.

On June 21, 2018, Plaintiff East Lake Partners, Ltd. d/b/a Brooke Commons ("East Lake") filed an eviction action in Florida state court against Defendants, Andrew Aquino and Alexis Sanchez. Doc. No. 2. On July 24, 2018, Sanchez filed a notice of removal in this Court.[1] Doc. No. 1. In removing the case to this Court, Sanchez did not include a copy of the East Lake's complaint, instead submitting the "Eviction Summons/Residential." Doc. No. 2. That summons

---

[1] It appears that Andrew Aquino's name was removed from the notice of removal (Doc. No. 1), but his name is listed on the residential eviction summons (Doc. No. 2). Only Sanchez moves to proceed *in forma pauperis*. Doc. No. 3.

demonstrates that this is an Orange County eviction action. *Id.* Moreover, the state court complaint, of which the Court can take judicial notice, confirms that this a state court action for eviction.[2] *E.g.*, *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of complaint filed in another court as public record under Federal Rule of Evidence 201(b)).

In the notice of removal, Sanchez asserts that removal is proper because this Court has federal question jurisdiction over East Lake's state court cause of action. *Id.* at 2. Specifically, she states:

> [East Lake] has actually filed a Federal Question Action in Orange County Court . . . . The complaint in this action was filed in Orange County Court as an artful pleading, entitled by the County Court as "Complaint for Eviction". Pleading[] intentionally fails to allege compliance with the Civil Rights Act of 1968.

*Id.* With the Notice of Removal, Sanchez filed a motion to proceed *in forma pauperis* (Doc. No. 3), which has been referred to the undersigned. The motion is now ripe for review.

## II.   STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* Local Rule 4.07; *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, "it is incumbent upon federal courts trial and

---

[2] A review of the public docket available at myeclerk.myorangeclerk.com in Orange County case number 2018-CC-007987-0 reveals that the complaint was filed on June 21, 2018. In the complaint, East Lake alleges that it is the owner of property located at 10109 Eastern Lake Avenue, #202, Orlando, Florida 32817. East Lake alleged that Defendants failed to pay monthly rent in June 2018. Therefore, East Lake sought a judgment for possession of the subject property. On July 19, 2018, final judgment was entered in East Lake's favor, and a writ of possession issued on July 23, 2018.

appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citing Fed. R. Civ. P. 12(h)(3); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908)). "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)).

### III.   ANALYSIS.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Here, Sanchez invokes 28 U.S.C. § 1331, which grants federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). "As a general rule, a case arises under federal law only if it is a federal law that creates the cause of action." *Id.* (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). Consequently, there can be no federal-question removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim. *See Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).[3]

---

[3] There are two exceptions to this general rule: (1) when Congress creates an explicit statutory ground for removal, and (2) when federal law completely preempts the state law in question. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Sanchez does not allege that there is an explicit statutory ground for removal of such claims or that federal law completely preempts the state law eviction action. In

Here, East Lake's eviction action does not concern a federal cause of action. While Sanchez claims that a federal question is involved because East Lake "intentionally fails to allege compliance with the Civil Rights Act of 1968," an eviction action under Florida law does not require the plaintiff to allege compliance with the Civil Rights Act. *See* Fla. Stat. § 83.20 (providing requirements for eviction of tenant). Inasmuch as Sanchez is attempting to raise compliance with the Civil Rights Act as an affirmative defense or counterclaim, as discussed above, any defenses or counterclaims that she may raise in response to East Lake's lawsuit do not confer federal question jurisdiction on this Court. *See, e.g.*, *Cara FL Props., LLC v. Richards*, No. 8:12-cv-12-T-33AEP, 2012 WL 45424, at *2 (M.D. Fla. Jan. 9, 2012) (remanding action for eviction of holdover tenant because there was no federal question, despite fact that defendant tenant claimed in his notice of removal that plaintiff/landlord evicted him for reasons that violated the Fair Housing Act). Therefore, the Court lacks federal question jurisdiction over this case.

In addition, Sanchez has not alleged that this Court has diversity jurisdiction over this case. Sanchez does not allege the citizenship of the parties, and there is no indication that the amount in controversy exceeds $75,000. *See* 28 U.S.C § 1332(a). Notably, it appears that Sanchez resides in Florida. Doc. No. 1, at 4 (providing Florida address). If Sanchez is a citizen of Florida for diversity purposes, then she may not remove the action under the forum-defendant rule. *See* 28 U.S.C § 1441(b).

"The burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999) (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)). Because Sanchez has not

---

addition, I am not aware of any explicit statutory ground for removal of such claims or of any federal law that completely preempts such claims.

demonstrated that the Court has federal question jurisdiction over this case, I recommend that the case be remanded as improvidently removed, *see* 28 U.S.C. § 1447(c).

## IV. RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **REMAND** this case for lack of subject matter jurisdiction, **DIRECT** the Clerk of Court to terminate the motion to proceed in forma pauperis (Doc. No. 3) and **DIRECT** the Clerk of Court to Close the file.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on July 26, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy